In light of Finding of Fact 3 and the testimony of Dr. Winslow, the plaintiff's motion to take additional evidence into the record is DENIED.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for the addition of Finding of Fact 11, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Plaintiff timely reported her injuries.
4. Plaintiff's average weekly wage is $191.35.
The parties also stipulated to plaintiff's recorded statement, medical records, and answers to interrogatories.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff, who is 38 years old, went to work for defendant-employer in March 1993 as a sewing machine operator.
2. On 23 August 1993, plaintiff was put to work on a multineedle sewing machine. This machine is equipped with a knob or wheel about the size of a mason jar top which the operator must turn by hand to untangle the thread when it breaks.
3. On 24 August 1993, the thread on plaintiff's machine broke, and she had to turn the wheel to get it untangled. The wheel was functioning properly and did not require excessive force to operate, no more than that required to unscrew the top of a jar. Plaintiff worked at her own pace and took her time untangling the thread. After approximately 5 minutes of turning the wheel with her right hand, she developed numbness in her index, middle and ring fingers. It took about 15 minutes to get all the thread out, after which she reported the injury and was sent to Dr. Winslow.
4. Dr. Winslow diagnosed bruising of the peripheral digital nerves. He allowed her to return to one-handed work where her numb fingers would not be exposed to a potential hazard that she wouldn't be able to feel.
5. Plaintiff returned to light duty work for defendant-employer and over the next several days performed a variety of jobs within her restrictions. This involved handing garments on hangers on motorized clothes lines and cutting labels from shirts. When that work ran out, she was put to work marking button holes. This required her to bend over and reach into a buggy to pick up a bundle of 48 children's shirts, place the bundle on a waist high table, undo the bundle, mark the button holes on the shirts and then retie the bundle and put it back in the buggy. Plaintiff had performed this job on prior occasions when her other work ran out.
6. On 31 August 1993, after performing the button hole job for a few days, plaintiff felt a sudden pull and pain in the left side of the chest, as she was bending and reaching into the buggy and picking up a bundle. She reported this incident and was taken to the emergency room, where the diagnosis was acute chest wall strain.
7. On 31 August 1993. plaintiff was just a few months pregnant. Prior to August 1993 she had had one miscarriage, and given her age and her hypertension, this was a high risk pregnancy. However, prior to 31 August 1993, she had not been advised to limit her activities in any way. On 3 September 1993, she underwent an ultrasound, which showed a fetus with no fetal pole or yolk sac, possible suggestive of a blighted ovum which in 99.9 percent of the cases the body will eliminate by miscarriage. On September 1993, plaintiff was seen by her OB-GYN for complaints of heavy bleeding and cramping since 4 September 1993. She was subsequently determined to have a nonviable fetus and underwent an emergency DC.
8. The injury plaintiff sustained on 24 August 1993 was not caused by an interruption of her regular work routine or a fortuitous or unforeseen event.
9. The injury plaintiff sustained on 31 August 1993 was not caused by an interruption of her regular work routine.
10. Plaintiff's miscarriage in September 1993 was not caused by an interruption of her regular work routine, was not a direct and natural consequence of either injury plaintiff sustained in August 1993, and was not in any way work-related.
11. Based upon the credible evidence of record and the hearing Deputy's evaluation of the witnesses with the benefit of first-hand observation, the greater weight of the evidence fails to show any period of temporary total disability as a result of the August, 1993 incidents.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
Plaintiff is not entitled to benefits under the Workers' Compensation Act because neither of her injuries or the miscarriage were caused by an accident arising out of and in the course of her employment with defendant-employer.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim is hereby denied.
2. Each side shall pay its own costs.
3. Defendants shall pay Dr. Winslow an expert witness fee of $125.00.
 S/ ____________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________ BERNADINE BALLANCE COMMISSIONER